IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE TOWNSEND BARISKI,<br>Individually and as the Executrix of the<br>ESTATE OF JAMES LEE BARISKI,<br>        Plaintiff<br><br>   v.<br><br>REASSURE AMERICA LIFE INSURANCE<br>COMPANY, as successor in interest to<br>MACCABEES LIFE INSURANCE<br>COMPANY,<br>        Defendant | 1:10-cv-804<br>(Kane, C.J.) |

## MEMORANDUM

Before the Court is Defendant's motion to dismiss Count III of Plaintiff's complaint. (Doc. No. 5.) Defendant alleges that Plaintiff has failed to state a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"). For the reasons that follow, the Court finds that the motion will be granted.

**I.    BACKGROUND**

On or about June 8, 1990, James Bariski, husband of Plaintiff Janice Bariski, purchased a life insurance policy from Defendant Maccabees Life Insurance Company, later succeeded by Reassure America Life Insurance Company. (Doc. No. 1-2 ¶ 3.) Janice Bariski was the named beneficiary of the policy both initially and at the time of the alleged default, though for a period of time in between those two events, the policy had been assigned to a third-party as collateral for a debt. (Id. ¶ 5.) In 2002, while the policy was still operative, James Bariski was diagnosed with cancer. (Id. ¶ 6.)

In November 2005, Defendant informed James Bariski that his premium payment was

1

overdue. (Id. ¶ 7.) Defendant explained that there was a grace period on the policy such that if all past-due payments were received prior to January 8, 2006, the policy would not be cancelled. (Id. ¶ 10.) James Bariski mailed the requisite amount of money to Defendant prior to expiration of the grace period. (Id. ¶¶ 8, 11.) Yet, on January 9, 2006, Defendant informed James Bariski that it had not received the payment prior to the grace period and that his policy had been terminated. (Id. ¶ 12.) James Bariski notified Defendant that he had mailed the payment prior to the expiration of the grace period, but Defendants refused to reinstate the policy. (Id. ¶ 14.)

On or about January 16, 2006, Defendant admitted that it had received Bariski's payment on January 10, 2006, but maintained that the payment was too late: the grace period had ended, and the police had lapsed. (Id.) Defendant insisted that the policy could not be reinstated without a new application, new evidence of insurability, and approval from the company. (Id. ¶¶ 12-13.)

James Bariski passed away on December 20, 2007, and Defendant did not make any payout to Plaintiff. (Id. ¶¶ 16, 6.) It was only after James Bariski's death that Plaintiff became aware of Defendant's position that the policy had lapsed and that Defendant had no intention of honoring the policy. (Id. ¶ 17.)

On March 18, 2010, Plaintiff, on behalf of herself and the estate of her late husband, filed a complaint in the Court of Common Pleas of Cumberland County against Defendant, alleging breach of contract, bad faith, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"). (Doc. No. 1-2.) On April 15, 2010, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. No. 1.) On April 30, 2010, Defendant moved to dismiss Count III of Plaintiff's complaint, which motion is now ripe before the Court for disposition. (Doc. No. 5.)

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

## III. DISCUSSION

Defendant argues that Plaintiff's CPL claim should be dismissed for several reasons. Defendant maintains that the CPL pertains only to misrepresentations made to induce the sale of an insurance policy, and therefore does not concern the alleged misrepresentations at bar.

Defendant alternatively suggests that Plaintiff's claim fails because she has not alleged all the elements of common law fraud and justifiable reliance. Last, Defendant asserts that the economic loss doctrine bars the claim. Plaintiff, in turn, contends that the CPL applies to all deceptive actions arising from the sale of an insurance contract, that she has alleged all necessary elements of a CPL claim, and that the economic loss doctrine does not bar her claim. The Court finds that Plaintiff has failed to state a claim in Count III of her complaint because she has not alleged justifiable reliance on Defendant's alleged misrepresentations. Accordingly, the Court need not discuss the economic loss doctrine or whether the CPL was intended to apply to misrepresentations made after the sale of an insurance policy.

The Court begins by looking at the precise claim Plaintiff makes pursuant to the CPL. The CPL provides a private right of action for persons subjected to "unfair or deceptive acts and practices" involved in the sale of goods and services for personal use. 73 P.S. §§ 201-9.2, 201-3. The phrase "unfair or deceptive acts and practices" is statutorily defined in twenty-one different ways, including a "catchall provision." 73 P.S. § 201-2(4). Plaintiff's claim is brought under the catchall provision, which defines unfair or deceptive acts and practices as "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi). Importantly, the words "or deceptive conduct" were not initially part of the catchall provision, but were added to expand the catchall provision in 1996. 1996 Pa. Legis. Serv. 1996-146 (West).

The Pennsylvania Supreme Court has not yet interpreted or explicitly determined what elements must be shown to state a claim under the catchall provision, the issue directly before the Court in this case. In such a situation, the Court's task is to predict how the Pennsylvania

Supreme Court would rule on the issue. See McKenna v. Ortho Pharmaceutical Corp., 622 F.2d 657, 661 (3d Cir. 1990) ("Recent opinions of this Court make clear that our disposition of such cases must be governed by a prediction of how the state's highest court would decide were it confronted with the problem."). The Pennsylvania Superior Court has continually ruled that "[i]n order to establish a violation of this catchall provision, a plaintiff must prove all the elements of common-law fraud." Ross v. Foremost Ins. Co., ---- A.2d ---- 2010 WL 2332944 *5 (Pa. Super. Ct. 2010) (citing Sewak v. Lockward, 699 A.2d 755, 761 (Pa. Super. Ct. 1997)); Colaizzi v. Beck, 895 A.2d 36, 39 (Pa. Super. Ct. 2006) (same). The Court does not, however, find that the Superior Court's holding is indicative of the Pennsylvania Supreme Court's interpretation of the statute because the Superior Court has not endeavored to expand its interpretation of the catchall provision in consideration of its 1996 amendment.

Rather, the Court finds that the line of cases that expanded the interpretation of the catchall provision in consideration of the 1996 amendment better predict the Pennsylvania Supreme Court's view of the subject. These cases, prevalent in the Commonwealth courts and federal district courts, find that the change in statutory language was effected to eliminate the requirement that all elements of common law fraud be pled to state a claim under the CPL catchall provision. See, e.g., Seldon v. Home Loan Serv., Inc., 647 F. Supp. 2d 451, 468-70 (E.D. Pa. 2009) (concluding that it would be contrary to legislative intent and the statutory language to continue to require each element of common law fraud to be pled to state a claim under the catchall provision); Wilson v. Parisi, 549 F. Supp. 2d 637, 666 (M.D. Pa. 2008) ("[A] showing of deceptive activity, as opposed to establishing the elements of a common law fraud claim, is sufficient to impose liability."); Commonwealth v. Percudani, 825 A.2d 743, 746-47

(Pa. Commw. Ct. 2003) (declining to require all elements of common law fraud in CPL catchall provision claims despite Superior Court's continued holding that it is necessary). The reasoning that the elements of common law fraud are no longer required to state a claim under the CPL catchall provision is bolstered by the Pennsylvania Supreme Court's instruction to construe the CPL liberally. Creamer v. Monumental Properties Inc., 329 A.2d 812, 817 (Pa. 1974) ("[Sections 201-2 and 201-3] of the Consumer Protection Law, in accordance with the legislative intent, are to be liberally construed to effectuate that intent."). The Court predicts, then, that the Pennsylvania Supreme Court would not require all elements of common law fraud to be pled to state a claim under the CPL catchall provision, § 201-2(4)(xxi), and thus Plaintiff need not plead all such elements in her complaint.

Relieving Plaintiff of the burden of alleging all elements of common law fraud does not, however, imply that she need not plead justifiable reliance. Even those cases finding that a claim of deceptive conduct under the CPL is not the equivalent of a fraud claim nonetheless require a plaintiff to allege a deceptive act, justifiable reliance on that act, and harm caused by the reliance, to state a claim under the CPL catchall provision. Seldon, 647 F. Supp. 2d at 470 ("[P]laintiffs must set forth the other required elements for a claim of deceptive conduct under the catchall provision . . . a 'deceptive act,' . . . justifiable reliance . . . [and] that this justifiable reliance caused ascertainable loss."); see also, Hunt v. United States Tobacco Co., 538 F.3d 217, 226-27 (3d Cir. 2008) ("Given the Pennsylvania Supreme Court's unequivocal holdings, and the Pennsylvania Superior Court's interpretation of those holdings, it is perhaps unsurprising that our Court has already interpreted the justifiable reliance standing requirement to apply to *all* substantive subsections of the Consumer Protection Law, fraud-based or not.").

In this case, Plaintiff alleges that Defendant acted deceptively when it told James Bariski that if he were to make a payment prior to January 8, 2006, the policy would not be discontinued, but then failed to honor his timely payment. Plaintiff also alleges that by January 9, 2006, James Bariski was informed, albeit incorrectly, that his policy had lapsed and that he would need to reapply to reinstate his policy. The complaint is devoid of allegations regarding actions taken by James Bariski or Plaintiff upon hearing Defendant's allegedly deceptive statements regarding the grace period or revocation of the policy. Given this paucity of facts, it is unclear how Plaintiff relied on the alleged deceptive statements to her detriment. For example, Plaintiff has not averred that a payment would have been mailed even sooner, preventing lapse, if Defendant had not made the deceptive statement. She has not alleged that she or her husband would have sought out another insurance policy had the deceptive statements regarding the dishonored grace period not been made. Nor has she stated that she or her husband would have acted any differently had Defendant not told James Bariski the policy had lapsed. In other words, Plaintiff has not pleaded how her or her deceased husband's conduct would have changed had Defendant not deceived them regarding the grace period or the lapse of the policy. See Hunt, 538 F.3d at 227 (declining to apply presumption of reliance and granting motion to dismiss in light of a plaintiff's failure to allege justifiable reliance in CPL claim). In light of Plaintiff's failure to allege justifiable reliance upon the allegedly deceptive acts of Defendant, the Court will grant Defendant's motion to dismiss.

An order consistent with this memorandum will follow.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANICE TOWNSEND BARISKI,** | : | |
| **Individually and as the Executrix of the** | : | |
| **ESTATE OF JAMES LEE BARISKI,** | : | |
| **Plaintiff** | : | |
| | : | 1:10-cv-804 |
| v. | : | (Kane, C.J.) |
| | : | |
| **REASSURE AMERICA LIFE INSURANCE** | : | |
| **COMPANY, as successor in interest to** | : | |
| **MACCABEES LIFE INSURANCE** | : | |
| **COMPANY,** | : | |
| **Defendant** | : | |

## ORDER

**AND NOW**, this 16th day of July 2010, upon consideration of Defendant's motion to dismiss Count III of Plaintiff's complaint (Doc. No. 5), **IT IS HEREBY ORDERED** that the motion is **GRANTED**.


S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania